**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 13, 2011
Decided May 31, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2833

| | |
|---|---|
| JAMES M. HARDESTY, | Appeal from the United States District |
|       *Plaintiff-Appellant*, | Court for the Southern District |
| | of Indiana, Indianapolis Division. |
|    *v.* | |
| | No. 1:07-cv-1396-LJM-DML |
| MICHAEL J. ASTRUE, Commissioner of | |
| Social Security, | Larry J. McKinney, *Judge*. |
|       *Defendant-Appellee*. | |

**O R D E R**

James Hardesty is a veteran of the Vietnam War. In 1968, he was injured seriously while serving in that conflict by shrapnel from a friendly-fire mortar explosion. The incident left him with multiple internal organ injuries; his left leg was amputated below the knee; and he lost both bone and muscle on his right buttock. In 1969, Hardesty was

awarded a Purple Heart and was honorably discharged from the service. He applied for disability benefits, which he received until September 1971, when the Social Security Administration concluded that he was no longer disabled.

The present case arose when, some thirty years later, Hardesty applied again for Social Security disability benefits and initially was turned down. While his case was pending on appeal to this court, the Commissioner moved to remand for further proceedings, in light of new evidence that Hardesty tendered. See *Hardesty v. Astrue*, No. 09-2413 (7th Cir. Nov. 30, 2009). The court granted that motion, thereby giving Hardesty another opportunity to show that he had become totally disabled by the critical date of March 31, 1973, his last date of eligibility under Social Security rules. In light of that favorable outcome, Hardesty's lawyer would now like attorney's fees under the Equal Access to Justice Act ("EAJA"), which are available unless the government's position was "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). The district court found, however, that the Commissioner's decision to deny benefits at the administrative level and to defend that decision in court was justified and thus denied the fees. Hardesty has appealed, but we find no error in the district court's conclusion and thus affirm.

A few more details about the course of Hardesty's effort to secure fees will clarify what is, and what is not, before us. When Hardesty lost his disability benefits on September 1, 1971, on the ground that he was no longer disabled (meaning that the agency found that there was work he could do in the national economy, despite his serious physical limitations, see 42 U.S.C. §§ 416(i), 423 (d); 20 C.F.R. § 404.1520(a)), he did not challenge that determination. Thus, the adjudication of non-disability as of that date became final and entitled to preclusive effect. 20 C.F.R. § 404.957(c)(1). This did not mean that Hardesty was forever barred from demonstrating that he had once again become entitled to disability benefits. It established only that any future application had to start from the premise that he had overcome whatever disabilities had supported the earlier benefits as of September 1, 1971. Hardesty's present claim is further constrained by the fact that the disability benefit program is for wage-earners; it is thus available only for those who meet the insured status requirements of the Social Security Act. See generally 42 U.S.C. §§ 413, 423(a), (c). The Act measures quarters of coverage. *Id.* In Hardesty's case, his "date last insured" was March 31, 1973. Hardesty's entitlement to benefits under the Social Security disability program was thus bracketed by the administratively final determination that he was *not* disabled as of September 1, 1971, and the end of his eligibility for benefits as of March 31, 1973.

Hardesty filed his renewed bid for disability benefits on July 28, 2003; he had a hearing before an administrative law judge ("ALJ") on August 10, 2005. Well before that hearing, in October 2003, Social Security officials alerted him to the fact that he had no evidence addressing the relevant period. They repeatedly told him that the medical evidence he had submitted showed that there was no medically disabling condition as of December 31, 1970. Throughout the hearing in August 2005, the ALJ stressed the same evidentiary gap. No one questioned the severity of the injuries Hardesty had suffered during the Vietnam War, but that was not the relevant question. Here is a typical statement from the ALJ:

> . . . [W]hat I have to figure out is the question I've been discussing with [Hardesty's lawyer]. . . . [H]ow [did] those [war] injuries affect[] you during this window of time when they cut off your benefits before, which is in September 1971 and March of '73, when your insurance ran out. Because without being able to answer that critical question, I have no alternative but to deny your claim. . . . [W]hat I really have to have is medical records that plug that gap . . . .

Although Hardesty's lawyer now insists before this court that he did furnish those documents, the record does not bear this out. He has referred us to page 281 of the administrative record to confirm his statement, but that page contains only a letter from the lawyer to the ALJ saying "Enclosed please find medical records from Mr. James M. Hardesty in respect to his injury in Vietnam on May 27, 1968." It was not until 2009, while the case was pending before this court, that Hardesty finally supplied the necessary information. In his motion to supplement the record, Hardesty admitted that the documents he was tendering "were not submitted by the Veterans Administration when requested after the hearing" before the ALJ. And the new records strongly support exactly what Hardesty has asserted: that he became totally disabled at some point between 1971 and 1973. The new documents included the following:

- Several 1969 VA ratings decisions reflecting a finding that Hardesty was unemployable and completely disabled;

- December 15, 1970, veterans' benefits award record, showing payments of disability benefits beginning in 1970 and continuing until 1987;

- November 10, 1970, disability rating of "total disability" because of unemployability, which began in 1969;

- October 27, 1971, disability rating, to the same effect;

- October 31, 1975, disability rating, stating that Hardesty "has been in receipt of a total rating for individual unemployability from 6-17-69" and that recent examinations disclosed "no indication of improvement in his service connected disabilities," that he has not been able to "resume employment since discharge from military service," and that "permanent unemployability" was established by 1975.

In addition, Hardesty submitted more recent letters that corroborate his assertion that the VA has treated him as unemployable and disabled since 1969. The last supplemental document is a letter from Hardesty's brother; this letter says that during "all of 1970 up through and including November 1972," Hardesty "had fitting problems with his left leg prosthesis," which required him to "use crutches to get around because of the swelling in his left leg stump."

Taking this background into account, the district court concluded that the Commissioner's position before the ALJ and the district court had been substantially justified. The ALJ in 2007 did not have access to the evidence that Hardesty produced in 2009, and so he reasonably concluded that Hardesty had failed to prove disability; by the same token, the Commissioner had no reason not to support that position. The same was true for the first round in the district court. The court therefore denied Hardesty's petition for attorney's fees.

Hardesty offers two reasons why, in his opinion, we should reverse. First, he continues to assert that the evidence he submitted while the case was pending in this court was not really new, but instead duplicated other evidence that was already in the record; second, he argues that even if it was new, the reason why the record was defective earlier was the ALJ's failure properly to develop it (and that the Commissioner should have realized this). We have already explained why the first of these arguments cannot prevail. Not until Hardesty proffered the new materials in 2009 did the record contain anything addressing the critical time between 1971 and 1973. Far from being cumulative, it was new

and pertinent. To the Commissioner's credit, he recognized this and, without any prodding, invited this court to return the case to the agency for further proceedings.

We also find no abuse of discretion in the district court's conclusion that the ALJ could not be faulted for his development of the record (and hence, again, that the Commissioner was substantially justified in defending the ALJ's position). It is not as if the ALJ was unaware of the importance of finding evidence addressing the 1971 to 1973 period; he repeatedly discussed this point with Hardesty's lawyer. Hardesty never suggested that there was other evidence out there that he needed to find, or anything for which he needed a subpoena from the ALJ or any comparable assistance. In addition, as the Commissioner notes, this is the first time that the "underdevelopment" argument has made an appearance in this case; that alone would be enough to warrant its rejection.

Hardesty has made a number of additional arguments that do not require discussion. The EAJA provides for an award of attorney's fees and other expenses to a prevailing party if, among other things, "the court finds that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). In *Pierce v. Underwood*, 487 U.S. 552 (1988), the Supreme Court held that this standard is satisfied if the government's position is "justified to a degree that could satisfy a reasonable person," meaning that "it has a reasonable basis in law and fact." *Id.* at 565-66 & n.2. The government bears the burden of demonstrating substantial justification, but once the district court has been persuaded that it met that burden, this court reviews only for abuse of discretion. *Id.* at 559. We find no such abuse of discretion here. We therefore AFFIRM the judgment of the district court.